



# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 7, 1947

Hon. Carl Gilliland
County Attorney
Deaf Smith County
Hereford, Texas

Opinion No. V-295

Re: Validity of an election to consolidate common school districts with a county line independent school district.

Dear Mr. Gilliland:

In your letter of May 10, 1947, you have requested an opinion from this office relative to the above subject.

The fact situation, as presented in your request, is briefly as follows. There are sought to be combined into a Rural High School District six small school districts and a County Line Independent School District. None of the Districts has a scholastic population of as much as 250. The combined area of the seven Districts is in excess of 100 square miles. The districts are contiguous to each other. The larger portion of the County Line Independent School District is located in the same county with the other six small Districts, and the county in which this larger portion is located has exercised the administrative control of all of this district for many years past.

The County School Board of Trustees of the county in which the six Districts, as well as the larger portion of the County Line District, are located, called an election pursuant to Article 2922c, V.C.S., to determine whether these several Districts should be grouped to create a Rural High School District. The large majority of the votes were cast in favor of the creation of the District and the County School Board accordingly entered its order. Subsequent to the election, the County School Board of Trustees of the county in which the smaller part of the County Line Independent School District was located also entered an order acquiescing in the election and the result thereof is the creation of a Rural High School District.

Under these facts, you have asked whether it was necessary for the County School Board of Trustees of both counties to enter their joint order calling the election; or whether the action of the County School Board of Trustees in ratifying and consenting to the election after it had been held was a substantial compliance with Article 2922d.

Regarding the first part of the question presented, it has been previously held by this Department that the consent of each County Board of School Trustees was necessary to the holding of an election to group or annex a District such as the one here involved in the creation of a Rural High School District (Opinion No. O-1574, dated June 11, 1940), and it is clear that at the outset it was necessary for the County Boards of both counties to entier their joint order calling the election. It is also settled (County School Trustees of Lubbock County vs. Harral County Line Independent School District, 95 S. W. (2d) 204), that substantial compliance with Article 2922d, V.C.S., is insufficient, and that the terms of the statute must be followed as they are written. However, it is not here necessary to discuss or determine whether the subsequent action of the county including the smaller part of the County Line District was sufficient to cure the initial failure of both County Boards in not entering their joint order for the election.

On March 20, 1947, House Bill No. 48, Acts 50th Legislature, Regular Session, 1947, became effective. This Act validates prior actions of School Boards in the creation, consolidation and administration of virtually every kind of school district. In Section 1 thereof, it is provided that Rural High School Districts theretofore established and recognized by either State or county authorities as School Districts are validated in all respects as though they had been duly and legally established in the first instance. Assuming, then, that the Rural High School District involved in your request was established in the manner described prior to the enactment of House Bill No. 48, and that both County Boards of School Trustees recognized it as a validly created Rural High School District, the failure of the two County Boards to enter a joint order calling the election is cured by the new legislation. Weaver v. Board of Trustees of Wilson I. S. D., 184 S. W. (2d) 864; Trio I.S.D. v. Sabinal I.S.D., 192 S. W. (2d) 899; North C.S.D. v. Live Oak County Board, 199 S. W. (2d) 764. It follows

that the Rural High School District involved in your request may properly be held to be a validly existing Rural High School District.

SUMMARY

Under the facts presented, assuming that the Rural High School District was established in the manner described prior to the enactment of House Bill 48, Acts of the 50th Legislature, 1947, on March 20, 1947, and that both County Boards of School Trustees recognized it as a validly created Rural High School District, the failure of the two County Boards to enter a joint order calling an election for the establishment of the high school district is cured by the 1947 legislation cited and the district involved may properly be held to be a validly existing Rural High School District.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Jackson Littleton
Jackson Littleton
Assistant

JL:WB

APPROVED:

Price Daniel
ATTORNEY GENERAL